(Decided 10th February, 1871.)

---

CYRUS GAULT *vs.* W. W. WITTMAN, Assignee of ADAM SNIVELY.

*Mechanics' Lien Law — When an Amendment of the Claim will not be Allowed.*

A claimant under the Mechanics' Lien Law, after the expiration of the time within which the law requires him to file his claim, in order to constitute it a lien upon the building, for or about which the work was done, or materials furnished, cannot so alter or amend his claim as to change the locality of such building.

APPEAL from the Circuit Court of Baltimore City.

The cause was agued before BARTOL, C. J., BRENT, MAULSBY, MILLER and ALVEY, J.

*Luther M. Reynolds*, for the appellant.

*Theo's B. Horwitz*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The object of this suit is to enforce a lien under the 61st Article of the Code, for materials furnished by the appellant

for a building in Baltimore City. The lien claim was filed in the proper office within the time prescribed by the Code, and described the house as located " on the South side of Fayette street a few doors West of Gilmor street," * * * * " and being the Westernmost one of three new uniform houses lying between said street and the alley next thereto on the West, which said house is on the South West corner of said street and said alley."

Afterwards, and after the time had expired within which the appellant was entitled to file a claim of lien, he filed of record an amended lien for the same claim, setting forth that the previous location of the house was incorrect, and stating its true location to be " on the South East corner of Lexington street and an alley which is called Vincent alley."

The effort of the appellant is to assert his lien against the property described in the amended claim, and the question presented is whether such an amendment comes within the 41st section of the 61st Article of the Code, which provides that " this article shall be construed and have the same effect as laws which give general jurisdiction, or are remedial in their nature, and such amendments shall from time to time and at any time be made in the proceedings, commencing with the claim or lien to be filed and extending to all subsequent proceedings, as may be necessary and proper; Provided that the amount of the claim or lien filed, shall not in any case be enlarged." This privilege of amendment is very large, and it is the evident intent of the Legislature that it shall be liberally construed, but it has some limits.

In *Hess and Reid vs. Poultney and Brown,* 10 *Md.,* 257, the Court held that the requirements of the law must be substantially complied with. By the 19th section, it is made necessary to state in the claim filed "*the locality of the building, and the number and size of the stories of the same, or such other matters of description as may be necessary to identify the same.*" By this provision of the Code, we consider the statement of the locality of the building as indispensably required. It is

Gault *vs.* Wittman, &c.

in its nature a proceeding *in rem*, the object is to describe the property charged with the lien, with sufficient certainty to enable parties, by searching the public records, to ascertain the existence of the lien. Without some statement of the locality of the property that would be impossible, and no security or protection would be furnished by the public records. The same consequences would follow if the lien claim could be amended in this respect, so as to allow a party after filing his claim against a house located in one part of the city, to amend it in such manner as to claim the lien against another and different house. To allow this to be done would defeat the important provisions of the Code which require such claims to be filed of record.

An amendment of this kind is in effect an entirely new claim of lien, and can only be made within the time prescribed for filing an original lien. In this case the attempt is to assert the lien as amended, against the property of the appellee, who purchased in good faith and without any notice of the lien, from Snively, the original owner, to whom it is alleged the materials were furnished.

The claim of the appellant as first filed, which described the property charged as located on the South side of Fayette street, gave no notice whatever to the appellee of the existence of the lien now sought to be enforced: and as the claim against the appellee's property, called the amended lien, was not filed within the time prescribed by the Code, this suit cannot be maintained.

The decree of the Circuit Court dismissing the bill of complaint will be affirmed.

*Decree affirmed.*

(Decided 10th February, 1871.)