THE REAL ESTATE AND IMPROVEMENT COM-
PANY OF BALTIMORE vs. WILLIAM PHILLIPS
& SONS.

*Amendment of Mechanics' Lien Claim—Materials Supplied to One
Co-owner.*

A mechanics' lien claim was filed setting forth that the materials used
in the construction of the building were furnished by the claimants
to A, the contractor, and that B was the reputed owner of the
ground,  No notice of an intention to claim a lien was given to the
reputed owner as required by Code, Art. 63, sec. 11, in a case
where the contract for the materials is made with the builder.  Sub-
sequently, and after the time within which a lien could be filed, the
claimants asked leave to amend their claim by setting forth that A
and C were both the builders and the equitable owners of the prop-
erty.  *Held*, that the claimants are entitled to make this amend-
ment under Code, Art. 63, sec. 41, providing for the amendment of
mechanics' lien proceedings, and that since the builders were also
the owners, no notice to the reputed owner under Art. 63, sec. 11,
was necessary.

When a building is erected by two persons who are both the builders
and the equitable owners of the property ,and materials are furnished
under a contract with one of them, the material-man is entitled to
enforce the lien claim against the other builder and his assignee.

Appeal from a decree of the Circuit Court for Frederick
County, (McSHERRY, C. J.)

The cause was argued before FOWLER, PAGE, PEARCE
and SCHMUCKER, JJ.

*John S. Newman* (with whom were *Charles W. Ross* and
*Geo. Dobbin Penniman* on the brief ) for the appellants.

A mechanics' lien is the creation of statute law, and to
enforce it the requirements of the statute must be substan-
tially complied with, which was not done in this case.  In
this case the lien as originally filed described Calvin A.
Johns as *contractor or builder*, and the Baltimore and Ohio

Railroad Company, *owner or reputed owner*, and was for work and labor done and materials furnished within six months last past for Calvin A. Johns. Upon its face, therefore, the claim was one falling under sec. 11, Art. 63 of the Code, which provides that if the contract for work or materials is made with any person except the owner, the party doing the work or furnishing the materials *shall not be entitled to a lien*, unless within sixty days he shall give *notice*, in writing, to such owner of his intention to claim the lien. In sec. 19 of the same Article it is provided that the claim shall set forth the name of the claimant, and of the owner or reputed owner of the building, and also of the contractor or architect or builder, where the contract was made by the claimant with such. In cases falling under these provisions, the giving of the notice is essential to the lien, and the failure to give it has, in repeated instances, been held fatal to the claim. *Wehr et al.* v. *Shryock & Clark*, 55 Md. 336; *Reindoller* v. *Flickinger*, 59 Md. 469; *Hess* v. *Poultney*, 10 Md. 257; *Thomas* v. *Barker*, 10 Md. 380.

In this case it is conceded there is no evidence to show that a notice, as required by the statutes, was served on the Baltimore and Ohio Railroad Company, the alleged owner or reputed owner, as the lien was originally filed, but it is contended that the lien was subsequently amended under leave of Court, and that this amendment dispensed with the necessity of giving notice, and made the claim a valid and subsisting lien which a Court of Equity will enforce. The claim upon its face being one which had arisen under a contract with an architect or builder, and not with the owner of the property, and therefore, as filed, one within the provisions of the eleventh section, it was absolutely essential to give the required notice to the person alleged as owner or reputed owner, whether he was such in fact or not, and that the failure to give such notice within the time prescribed by the statute, rendered the lien absolutely null and void. It was so virtually decided in the case of *Thomas* v. *Barker*, 10 Md. 380.

The lien being a creature of the statute subsisting prior to the filing of any claim for the same and to be maintained and enforced in the mode prescribed, it necessarily follows that if not maintained and enforced in the mode prescribed the lien ceases ; and having ceased to exist it cannot be revived subsequent to the time prescribed for filing an original lien. The lien in this case having been filed as one within the eleventh section and no notice having been given as required, the lien was, consequently, not maintained in the mode prescribed and ceased to exist. Having ceased to exist in 1891 it could not, by amendment of the proceedings, be re-created in 1898. An amendment of the kind attempted in this case is, in effect, an entirely new claim of lien, and can only be made within the time prescribed for filing an original lien. *Gault* v. *Wittman*, 34 Md. 35–37 ; *Phillips on Mech. Liens*, sec. 427 ; *Am. & Eng. Ency. of Law*, (1st ed.), vol. 15, pg. 178 ; *Pine Lumber Co.* v. *Imp. Co.*, 94 Wis. 324 ; *Whitney* v. *Brunette*, 15 Wis. 61–69, side pgs ; *Witte* v. *Meyer*, 11 Wis. 295.

While the 41st section of the Mechanics' Lien Law requires a liberal construction to be given to its provisions, it is nevertheless necessary that it should be substantially complied with, before a party seeking to enforce an alleged mechanics' lien can do so successfully, either at law or equity. *Plummer* v. *Eckenrode*, 50 Md. 225–232. A void writ or cause of action cannot be amended ; there must be something to amend. *Whitney et al.* v. *Brunette*, 15 Wis. 61. To permit the amendment sought to be made in this case is to create the lien anew, giving it a retroactive effect. Material-men are bound to inquire as to the title. *Lenderking et al.* v. *Rosenthal*, 63 Md. 28–34.

The decree subjects the equitable interest of Anthony E. Lechler, in the property, to the lien, whereas, he was not made a party to the proceedings until long after the expiration of the period of six months allowed by the statute for filing liens.

There was no claim filed, within the time mentioned,

against Anthony E. Lechler, and as the claim stood for more than seven years after the materials were furnished, there was nothing either in the claim itself, or in the bill filed to enforce it, that in the least suggested that Anthony E. Lechler, or his interest, was in any way concerned. After the expiration of more than seven years Anthony E. Lechler is sought to be introduced by amendment, at a time when, against whom and whose interest, no right to file a lien existed, or had existed for years. Can the time for filing a lien be thus extended by way of amendment, against the express and positive provisions of the statute? We re-respectfully submit that it cannot. In Pennsylvania it had been decided in 1878, in the case of *Dearie* v. *Martin*, 78 Pa. St. 55, that, notwithstanding the statute in force in that State at that time permitting amendments to mechanics' lien claims, yet, that such claims could not be amended in any material particular after the lapse of the statutory period, within which such claims might be filed. The Legislature, then, in 1879, passed an Act providing " That in case of any mechanics' claim or lien, filed according to existing laws, in any county, of this commonwealth, the Court having jurisdiction in such case is hereby authorized and required in any stage of the proceedings, to permit amendments conducive to justice and a fair trial upon the merits, including the changing, adding and striking out the names of claimants, and by adding the names of owners and contractors respectively, whenever it shall appear to such Court that the names of the proper parties have been omitted, or that a mistake has been made in the names of such parties, or too many or not enough have been joined in such case." Subsequently a case arose in which the lien had been filed against a husband, but it was afterwards discovered that the property belonged to the wife. The lower Court permitted the claim to be amended so as to make the wife a party, but that decision was reversed on appeal, the Court saying : " There is nothing in this Act (the Act above cited,) which in the least degree gives sanction to the idea that the time

for filing a lien may be extended beyond the six months by way of amendment, or that any person may be thus introduced against whom no right to file a lien existed when the amendment was made. If the Legislature had any such purpose in view, they certainly would have said so." *Knox* v. *Hilty*, 118 Pa. St. 430–434; affirmed in *McFarland* v. *Schultz*, 168 Pa. St. 634–638; and in *Grier Bros.* v. *Assurance Co.*, 183 Pa. St. 334–347; see also to the same effect, *Am. & Eng. Ency. of Law* (1 ed.) vol. 15, pg. 178; *Bennett* v. *Mining Co.*, 119 Ill. 9–12; *Dumphy* v. *Biddel*, 86 Ill. 22; *Crowl* v. *Nagle*, 86 Ill. 437.

There is another reason why the decree should be reversed. The testimony shows that the material was sold and shipped to Calvin A. Johns. In no place does it disclose that Anthony E. Lechler had any connection whatever with the making of it. "The contract (in a mechanics' lien case) must be proved under the same rules as to evidence as other contracts." *Gunther* v. *Bennett*, 72 Md. 384.

*Milton G. Urner* and *Hammond Urner* (with whom was *Clayton O. Keedy* on the brief), for the appellees.

It cannot be seriously disputed that the effect of the agreement of October 1st, 1890, was to invest Johns and Lechler with an equitable estate in the land upon which the hotel building was constructed. *Mills* v. *Mathews*, 7 Md. 315; *Lenderking* v. *Rosenthal*, 63 Md. 33. Under that agreement they, or their assignees, were entitled to a conveyance of the legal title upon the completion of the building, and the value of their beneficial interest increased as the performance of the condition approached its conclusion. When the building was completed the equitable estate was the only substantial and valuable interest in the property, the bare legal title alone remaining in the appellant under the ageeement. This equitable estate was liable for the lien claims of mechanics and material-men furnishing labor and materials for the building, and continued to be liable regardless of subsequent assignments by the equitable owners.

*Goldheim* v. *Clark*, 68 Md. 504; *Miller* v. *Barroll*, 14 Md. 174.

But in this case the rights of appellees and other claimants, are expressly recognized by the various assignments wherein all liabilities incurred by the assignors in the "improvements made under the contract for the building" were assumed by the assignees.   In addition to this the record shows that Richards, the last assignee, took the property with actual knowledge of the lien claim of the appellees.   It is perfectly clear that it was the intent and effect of these assignments to simply place the successive assignees in the exact position occupied by Johns and Lechler, and with the same rights and liabilities, under the agreement of October 1st, 1890.   Moreover, this would have been the legal operation of these substitutions even if there had been no express stipulation to that effect.   *Crook, Horner & Co.* v. *B. & O. R. R. Co.*, 80 Md. 338.

The equitable estate, therefore, in the hands of Richards was just as effectually subject to the lien of the appellees as if Johns and Lechler had never assigned their interest in the property.   This feature of the case is most clearly and comprehensively stated by CHIEF JUDGE MCSHERRY, in his opinion filed below, as follows : "When the claim was filed it became a lien on John's and Lechler's interest and estate in these four lots, and the lien once fastened there remained through the successive transfers, if it was not specifically preserved by the terms of the instruments by which these transfers were made.   When Chase stepped into the shoes of Johns and Lechler he did not defeat the lien claimed five days previously ; and when Richards, a few months later, accepted the transfer from Chase, his interest, the original interest of Johns and Lechler—was likewise bound by the same lien."

The agreement of October 1st, 1890, provided that the building should be completed on or before November 1st, 1890, and it appears that this stipulation was not complied with, but the failure to complete within the time prescribed

was effectually and conclusively waived by the appellant in the execution of the deed consummating the transaction and reciting the completion of the building to the appellant's satisfaction.    By its deed to Richards the appellant divested itself of the naked legal title it then held, and at the time of filing the bill in this case it had no interest whatever in the property.    About four years after the bill had been filed, with full knowledge of the appellee's lien claim and of all the facts shown by the record, the appellant obtained from Richards for a nominal consideration, a reconveyance of the hotel premises.    The appellant is therefore, very far from being in the position of a *bona fide* purchaser without notice. It is, on the contrary, in the position of now enjoying the benefit of improvements made to the property, under its own agreement, with the appellees' materials, while attempting to deprive the appellees of the compensation to which they are justly entitled.

It will be observed in this case that there is no defence whatever on the merits.    The opposition to the recovery of the appellees' claim is based on the purely technical ground that the amendment of the lien claim was made without authority of law and that the order of the Court making the amendment was nugatory.    It is not contended, however, that the appellant, or any preceding party in interest, was misled or prejudiced in the slightest degree by the error in the original claim which was sought to be cured by the amendment.    Nor is it insisted that this technical objection can affect the enforcement of the lien as against the equitable interest acquired by Johns under the agreement of October 1st, 1890.    But it is asserted that the introduction of the name of Lechler, as one of the equitable owners, by amendment of the lien-claim after the expiration of the period during which the original claim could be filed, was ineffectual to fasten the lien upon Lechler's interest in the property.

The provisions of Code, Art 63, sec. 41, relating to the amendment of lien-claims must be liberally construed.

*Blake* v. *Pitcher*, 46 Md. 464; *Treusch* v. *Shryock*, 55 Md. 332.·

The requirement as to the statement of the time of doing the work or furnishing the materials is explicit and peremptory, while that relating to the statement of the ownership of the property allows the greatest latitude by permitting the use of the name of the *reputed* owner.    As certainty in the statement of ownership is not made essential at the time of filing the lien-claim, an error in such statement must necessarily be regarded either as immaterial or as a proper subject of amendment.    If it was immaterial, then an amendment was unnecessary in this case, and the fact of its being made could not possibly prejudice any party in interest.    If it was proper and necessary to correct such an error by amendment at all, there is nothing in the Act or the decisions of this Court requiring the amendment to be made within the statutory period for filing the claim.    It has been repeatedly held by this Court that mechanics' lien proceedings are *in rem*.    *Kelly* v. *Gilbert*, 78 Md. 431; *Gualt* v. *Wittman*, 34 Md. 35.    The entire plan of the lien law is based upon this theory.    Because it is a proceeding *in rem* certainty is required in the description of the property. Because it is not a proceeding *in personam* certainty is waived in the description of the owner.

FOWLER, J., delivered the opinion of the Court.

The appellees are dealers in lumber.    They furnished labor and building materials for a building which was erected at Brunswick in Frederick County, Maryland, by Calvin A. Johns and Anthony E. Lechler and their assignees under an agreement in writing with the Real Estate and Improvement Company of Baltimore then the owner of the ground on which the building was to be erected.    By the terms of this agreement Johns and Lechler were to complete the building in accordance with certain plans and specifications, and to furnish the employees of the B. & O. R. R Co. with certain accommodations at stipulated prices.

In consideration whereof the Improvement Company agreed to convey the property to them in fee-simple upon the completion of the building. Johns and Lechler commenced the building and during the month of October, 1890, the appellees furnished materials to the value of $566.73 which were used in the structure. It is for these materials that the appellees filed their mechanics' lien claim on the 26th of January 1891. On the 1st of February, subsequent to the filing of this claim, Johns and Lechler assigned all their rights and interests under their agreement with the Improvement Company to C. S. Chase, and he on June 22nd assigned all his rights under the original contract to Milton V. Richards, each in their turn agreeing to assume all the obligations of the original contract as well as the liabilities of their predecessor in title. On the next day the Improvement Company conveyed in fee to Richards the lots on which the building had in the meantime been erected, and on February 4th, 1896, Richards conveyed the property to the Improvement Company with the hotel building completed.

It is conceded that the materials for which the claim was filed, were furnished for and used in the hotel building, and that if the lien-claim be valid it attaches to the equitable interest of Johns and Lechler, which was created by their contract with the Improvement Company—which equitable interest has by several assignments vested in that company. We have said that the lien claim of the appellees was filed on the 26th of January 1891. As then filed, Calvin A. Johns was described as contractor or builder and the B. & O. R. R. Co. as owner or reputed owner. On the 5th of January 1892, the appellees filed their bill in the Circuit Court for Frederick County against Johns, the B. & O. R. R. Co. and Richards to enforce their lien claim. Richards is the only defendant who answered. Testimony was taken, and it was discovered that a mistake had been made in the preparation of the claim, and that instead of Johns being, as he was therein called, a contractor or builder, he

and Lechler were the equitable owners of the property as well as the builders. The appellees made known this state of facts to the Court by a petition asking leave to amend, which was granted, and the amendment was accordingly made more than six months after the expiration of the period during which the original claim could have been filed. A decree was passed by the Court below establishing the lien-claim of the appellees. From this decree the Improvement Company has appealed.

Upon the facts of the case it must be conceded that if the lien-claim as amended is valid, that is to say, if the Court below had power to allow the amendment in question, the decree must be affirmed. And this result must follow because the materials were furnished for and used in the building, and the claim was filed within the time prescribed by statute. But the contention is that the claim as originally filed is one falling under sec. 11, Art. 63, of the Code, which provides that if the contract for work or materials is made with any person except the owner, the person so furnishing materials shall not have a lien, unless within sixty days he shall give notice in writing to such owner of his intention to claim the lien. And in another section of the same Article it is provided that the claim, when the materials are furnished to a contractor, shall set forth the name of the claimant and of the owner or reputed owner. It is conceded that no notice was given, and it is clear that if the amendment which was allowed by the Court is effective, no such notice was necessary—for the evident reason, that if Johns and Lechler were both builders and owners this would not be a case within sec. 11, of Art. 63, requiring such notice to be given. The main and controlling question in the case, therefore, is whether the amendment allowed in this case is within the terms of our statute (Code, Art. 63, sec. 41), which is as follows : " This article shall be construed and have the same effect as laws which give general jurisdiction or are remedial in their nature, and such amendments shall *from time to time and*

*at any time be made in the proceedings, commencing with
the claim* or lien to be filed, *and extending to all subsequent
proceedings*, as may be necessary and proper; provided
that the amount of the claim or lien filed shall not in any
case be enlarged." It is difficult to imagine any more ex-
tensive power of amendment than that conferred by the
section just quoted. One and only one limitation appears
to be placed upon it—namely—" the amount of the claim
or lien filed shall not in any case be enlarged." It is true
we have held that because proceedings to enforce a me-
chanics' lien are proceedings *in rem*, an amendment will
not be allowed altering the description of *the property* after
the time within which, under the statute, the claim can be
filed. But evidently this view is based upon the theory
that the alteration of *the description* of the *rem* makes in
effect a *new claim*. *Gault* v. *Wittman*, 34 Md. 35. If the
lienor by mistake designates and describes the property to
which his lien is to attach as located on the south side of
a certain street, when in point of fact the house which is
built with materials furnished by him is on the north side
of that street, it is clear that if such a mistake could be
corrected by amendment after the expiration of the statu-
tory period of six months, the practical result would be the
filing of a *new* claim after the time within which it is con-
ceded it cannot be filed. But it does not appear to us that
there is any such difficulty in respect to the amendment
allowed in this case. Can it be possible that the statute
itself having given the lienor the right to use *either*, the
name of *the owner or* the name of *the reputed owner*, he
should, especially in a Court of Equity, and under the pro-
visions of a statute to be construed as a statute remedial in
its nature, be punished by a forfeiture of his claim, because
and only because he has used the latter instead of the
former? He is not required, as against the owner whose
interest he wishes to subject to his claim, to search the
records to ascertain who holds the legal title. He may
file his claim against the reputed owner, so says the statute,

and it certainly would be going very far to·say that he may not from " time to time and at any time " amend the claim by inserting the name of the real in the place of the reputed owner.    That this can and should be allowed where the interests of third parties are not injuriously affected we have no doubt.    The case of *Lenderking* ·v. *Rosenthal*, 63 Md. 30, was cited by appellant's counsel to sustain the proposition that material-men are bound to inquire as to the title, and that, therefore, it would be inequitable to allow such an amendment as this, because, inasmuch as the ·recorded lien-claims are indexed in the name of the owner, such name should no more be allowed to be changed than the description·· of the property—otherwise the records could not be relied on.    But the decision of the case just cited was based not upon the fact that the material-men had a right to rely upon the public record of the claims, but it based upon sec. 9, Art. 63, which by its very terms provided that when materials are furnished to a lessee, the lien attaches *to his interest only*—and that, therefore, the material-man is bound to know the nature and extent of the lessee's interest — not, however, because the land records are supposed to supply the necessary information— for the result is the same so far as the material-man is concerned whether the interest of the lessee be a legal leasehold title under a lease duly recorded or under a contract for a lease not recorded and not required to be recorded. *Lenderking* v. *Rosenthal; supra.*

It will be observed that the effect of the amendment was to substitute Johns and Lechler in the place of the B. & O. R. R. Co. as owner.    In other words in the amended claim Johns and Lechler are described as both owners and builders.

Section 41, Art. 63, relating to amendments of mechanic's lien-claim which we are here considering, has heretofore been considered by this Court.    In *Blake* v. *Pitcher & Wilson*, 46 Md, 464, it is said that " the spirit in which the Mechanic's Lien Law is to be interpreted, had been pre-

scribed by the Legislature and impressed in such strong terms upon its face that no Court can mistake its meaning." It is to be construed in the most liberal and comprehensive manner in favor of mechanics and material-men. See also *Treusch* v. *Shryock*, 55 Md. 332; *Rust* v. *Chisolm*, 57 Md. 379 and other cases not necessary now to cite. In the case of *Thomas* v. *Barker*, 10 Md. 380; *Wehr et al.* v. *Shryock*, 55 Md. 336, and some others relied on by the appellant, this Court dealt with the cases as presented—no question as to the right of amendment having been considered—the lienor having failed to amend his claim so as make it accord with the facts of the case. But in the case of *Knox* v. *Hilty*, 118 Pa. St. 430, and other cases to the same effect so much relied on by the appellant, it was held that there was nothing in the Pennsylvania Statute " which in the least degree gives sanction to the idea that any person may be thus introduced, against whom no right to file a claim existed when the amendment was made." In the case just cited the Supreme Court of Pennsylvania say that independently of the view expressed in the quotation just made from its opinion, their statute provides that the amendments are to be allowed for the pnrpose of attaining justice and a fair trial on the merits. " If," say the Court, " the amendments are to conduce to a fair trial, they would have to be made either before or at the time of the trial—not long after the trial was finished, judgment entered and execution issued." While it is not necessary for us in this case to hold that the right given by our statute to amend the lien-claim and all subsequent proceedings extends beyond the time when judgment or decree has been entered, yet, as we have seen, this Court in *Rust* v. *Chisolm, supra*, practically so held by remanding that case so that the account or bill of particulars of materials furnished might be amended. We are unwilling, however, to be bound by the restricted construction placed upon the Pennsylvania and other statutes allowing amendments in mechanics' liens and proceedings to enforce them, for we must be governed by *the broad lan-*

*guage of onr own statute*—especially in a case where, as here, the interests of third parties, *bona fide* purchasers without notice, are in no way prejudiced.   That such is the situation in this case is apparent from the evidence.   As is said by the learned Judge who .delivered the opinion in· the Court below :  " It made no difference that the B. & O. R. R. Co., was stated to be the owner or reputed owner of the property.   Neither the Real Estate and Improvement Company nor Richards was misled by the statement.   Both knew the exact situation and both are chargeable with knowledge. that a lien had been recorded against the interest of Johns and Lechler."  · As we have already intimated we are now dealing with  the  case before us and not with the case in which the interest of *bona fide* purchasers without notice are involved.

In conclusion, it is necessary to say only a few .words in reply to the contention that the materials having been furnished to Johns, and not to Johns and Lechler, Lechler was not ·a party to the contract, and that he cannot, therefore, be made a party to this proceeding for enforcing the lien and that his interest in the property cannot be reached. It is true that according to the evidence of the appellee's witnesses the contract for materials furnished was made with Johns alone, yet the evidence afforded by the contract under which the work was done and that of the witness Richards shows Johns and Lechler were joint contractors or partners with equal rights and liabilities, and that according to the assignments under which Johns conveyed his interests they are described as partners doing business under the name of Johns and Lechler.   Under these circumstances Lechler certainly would not be allowed by a Court of Equity, even if he wished, to repudiate the contract for materials· which had been furnished.to his co-contractor or partner Johns.   Such a course would enable Lechler to perpetrate a fraud upon the material-men.   In the case of *Weber* v. *Weatherby*, 34 Md. 661, there was not even a joint contract, nor a partnership; and yet this Court held that

articles furnished to one who had a contract with the owner to purchase the property should, when the sale was not effected, and the owner retained the house with the articles in it, the articles having been furnished with his knowledge, be considered as the agent of the purchaser of the articles. " To allow him (the owner of the house) to repudiate the transaction would enable him   *   *   *   to perpetrate a fraud upon the mechanic or person, furnishing materials and to appropriate the property of others to his benefit.'" In this case, however, it is not Lechler who is trying to repudiate the contract made by Johns ; but it is the appellant, the present owner of the property, who, being a party to the joint contract between Johns and Lechler, under which the work was done, was familiar with the latter's relations to Johns and the property in question, and there-- fore stands in no better position than Lechler does.   Neither of them would be allowed to repudiate the contract and: acts of Johns, if by so doing the property of the appellees. would be appropriated without compensation.

*Decree affirmed.*

(Decided January 11th, 1900).