## LOUIS C. CALTRIDER vs. CATHERINE MAY ISBERG ET AL.

*Mechanic's Lien—Materials Furnished Contractor—Sufficiency of Claim—Description of Property—Contiguous Lots— Separate Owners—Priority as to Sale of Lots.*

A mechanic's lien claim which, as filed, described several lots by numbers designated on a plat, giving the volume and the folio of the land records where the plat was recorded, and also referred to the deeds by which the lots were conveyed, was not defective because it failed to state that the lots were contiguous.
p. 663

If the owner fails to avail himself of Code, art. 63, secs. 5-8, providing for the fixing of the proper boundaries of the land on his application, he cannot avoid the lien merely because too much land is claimed.                                p. 663

Where the right to claim a lien on adjoining lots, on each of which a building was being erected, attached while the lots belonged to the same persons, the failure to apportion the claim did not defeat it, Code, art. 63, sec. 21, providing as the only penalty for failure to make the apportionment that the claim shall be postponed to other lien creditors.        pp. 663, 664

A lien claim for materials furnished to a contractor erecting buildings on defendants' property was not defective because it did not set forth that the claimant's contract with the contractor was entire and indivisible, or that there was an intention from the beginning to furnish all the material required by the contractor, the materials having been furnished continuously at intervals of a few days during a period of about nine months.
pp. 664, 665

Where lots on which buildings were simultaneously erected belonged to the same persons at the time of the making of the contract for materials therefor, and of the delivery of the bulk of the materials, and the contract was continuous and the lien attached as to the entire claim as of the time of this

single ownership, it was immaterial whether there was, as between the building contractor and the owners, a joint contract for both buildings, or a separate contract for each.        p. 665

In a bill of particulars attached to a mechanic's lien claim, *held* that certain words should be treated as surplusage if this was necessary to make the bill of particulars consistent with the claim, which expressly referred to it as containing an itemized statement of the materials furnished.        p. 666

In view of the liberal right of amendment given by Code, art. 63, sec. 41, as regards mechanics' liens, the court may permit surplus words, in a bill of particulars attached to the claim, to be stricken out.        p. 666

In the bill of particulars attached to a lien claim for materials, nothing except the items of materials, dates and prices are necessary to make it complete.        p. 666

Where both the claim as filed, on account of materials furnished a contractor, and the bill of complaint to enforce the lien, distinctly claimed a lien against two properties, and the bill alleged that plaintiff was unable to apportion the claim as between the two, the fact that the claim as filed stated that, as beween the contractor and the several owners, the owner of one property was the debtor, since the owners of the other had paid the contractor, did not involve any release or waiver of the claim as against the property of the owners who had paid.
        pp. 666, 667

Proceedings in equity for the sale of property under a lien for labor or materials are *in rem*.        p. 667

The contractor on a building to whom materials have been furnished is a proper but not a necessary party to a proceeding for the sale of the property under a lien for the materials, it being a proceeding *in rem* in which he has no interest.
        pp. 667, 668

The mechanic's lien law is to be construed in the most liberal and comprehensive manner in favor of mechanics and material men.        p. 668

In the case of a proceeding in equity to enforce a lien for materials furnished a contractor for the erection of buildings on two contiguous lots owned by distinct persons, where it appears that the owner of one lot has not paid the contractor,

while the owners of the other lot have done so, the decree should direct the former's lot to be first sold to satisfy plaintiff's claim, if the amount due him is not paid by a given date. pp. 668, 669

*Decided June 30th, 1925.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by Louis C. Caltrider, trading as L. C. Caltrider & Sons, against Catherine May Isberg and others. From an order dismissing the bill, plaintiff appeals. Reversed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Gwynn Nelson* and *J. Howard Murray,* for the appellant.

*W. Worthington Hopkins,* for the appellees.

ADKINS, J., delivered the opinion of the Court.
The bill of complaint in this case alleged:

"That at the request of Herman Zeigler, contractor, he (the complainant) furnished a large amount of lumber, millwork, cement, nails, plaster and hardware to be used in the erection of two dwelling houses situated in the First Election District of Harford County, Md., at Otter Point, and that there is now due and owing to your orator, for the material so furnished, the sum of $1,184.18; that the said Herman Zeigler used said material in the erection of two new dwelling houses, and at the time of the delivery of the first material by your orator, and for some time thereafter, Ernest A. Isberg and Eleanor L. Isberg, his wife, were the owners of the property on which both houses were under construction and erected; that subsequently thereto and on the 22nd day of November, 1922, Ernest A. Isberg and Eleanor L. Isberg, his wife, by deed conveyed a certain lot of ground upon which one of said houses was erected to their daughter, Catherine May Isberg;

that after the delivery of part of said material your orator discovered that the said contractor, Herman Zeigler, erected one house for Eleanor L. and Ernest A. Isberg and the other for May Isberg; that as to what portion of the material furnished by your orator and described in the lien claim was used in each of the respective houses your orator is unable to say, except through testimony of said contractors, Herman Zeigler, or some other expert; that the said sum of money, so as aforesaid due and owing to your orator for material furnished by him as aforesaid, being due and unpaid, he did on or about the 17th day of August, 1923, file in the clerk's office of the Circuit Court for Harford County a claim for a lien under article 87 of the Revised Code of Maryland, against the said *two* dwelling houses, the ground upon which they are erected, and so much other ground immediately adjacent thereto, and belonging in like manner to the owners of said dwellings as may be necessary for the ordinary and useful purpose of said buildings, as will appear by reference to a duly certified copy of said lien claim, herewith filed as part hereof, marked 'Exhibit A'; that the first material was delivered on October 4th, 1922, and the last on July 2nd, 1923, and that before filing said lien and within sixty days after the last material was furnished, plaintiff gave notice in writing to the said Catherine May Isberg, Ernest A. Isberg and Eleanor L. Isberg, his wife, the owners or reputed owners of said dwelling houses and grounds, of his intention to claim the benefit of said mechanic's lien law; that the said Ernest A. Isberg and Eleanor L. Isberg, his wife, having paid said contractor for the erection of the dwellings which they retained and the said contractor having paid plaintiff "enough money to cover all material that went into said dwelling, and the said Catherine May Isberg being indebted unto the said contractor, Herman Zeigler, for the erection of the dwelling of which she is the owner, to the extent of $1,189.65, your orator made out his bill in the name of Catherine Isberg."

The prayer of the bill is for a decree for the sale of the property described in the lien claim, or so much thereof as may be necessary, and for the distribution of the proceeds "among your orator and the parties hereto"; that plaintiff's claim be paid with interest, and for further relief.

Exhibit "A," filed with the bill, is as follows:

"Lewis C. Caltrider, trading as L. C. Caltrider and Sons, claim the sum of eleven hundred and eighty-four dollars and eighteen cents, with interest thereon from the 2nd day of July, 1923 to be due him, against those two frame dwellings or buildings situated in said county two stories in height, and against the ground covered by the said buildings and so much other ground immediately adjacent thereto, and belonging in like manner to the owner of such building as may be necessary for the ordinary and useful purposes of said buildings, the whole of which ground is described as follows: All those lots or parcels of ground as designated upon the plat of the Willoughby Beach Co. and recorded among the Land Records of Harford County in Land Records Liber J. A. R. No. 139, folio 499 etc. and known as lots Nos. 1 and 2, sec. 6, and lots Nos. 1, 2, 3, 4 and 5, sec. 13, being the same lots of ground which were granted and conveyed by the Willoughby Beach Co. to the said Ernest A. Isberg and Eleanor L. Isberg, his wife, by deed dated September 7th, 1912, and recorded among the aforesaid Records in Liber J. A. R. No. 137, folio 439, etc. And also all that lot or parcel of ground in the First Election District of Harford County and designated upon the plat of the Willoughby Beach Co. and known as lot No. 2 in section 6 as is mentioned or referred to in a deed dated November 2nd, 1922, and recorded among the Land Records of Harford County in Liber D. G. W. No. 181, folio 17, etc. was conveyed by Ernest A. Isberg and Eleanor L. Isberg, his wife, to Catherine May Isberg, of which said ground, and the buildings and improvements thereon, the said Ernest A. Isberg and Eleanor L. Isberg and Catherine May Isberg, at the time of furnishing the work and materials hereinafter

mentioned were the owners or reputed owners. The said claim being for work done and material furnished by the lienor for or about the erection and construction of the said buildings at the instance and request of Herman Zeigler, the contractor thereof at the particular times, and of the nature or kind and amount, and for the prices set forth in the bill of particulars hereto annexed, and which work has been finished and materials furnished within less than six months before the filing of this claim. And the said lienor duly apportions the sum of eleven hundred and eighty-four and eighteen one-hundredths dollars against the buildings above described.

"Wherefore the said Lewis C. Caltrider, trading as L. C. Caltrider and Sons, request the Clerk of the Circuit Court of Harford County to file and record this claim as a lien as well against the said lots of ground and buildings thereon as against the said Ernest A. Isberg and Eleanor L. Isberg, his wife, and Catherine May Isberg as the owner or reputed owners thereof, agreeably to the provision of the Code of Public General Laws, Article 63, entitled 'Mechanic's Liens.'

                              "Gwynn Nelson,
                              "Attorney for Lienor.
"L. C. Caltrider & Sons,
            "Lienor."


The bill of particulars annexed to the exhibit is headed:
                  "Bill of Particulars.
    "C. & P. Phone, 26.
              "L. C. Caltrider & Sons, Dealers in
    "Hardware, Feed, Fertilizer, Seeds and General Supplies, All Kinds of Farm Implements, Lumber and Mill Work.
    "Sold to Herman Zeigler, Acc. Miss Catherine Isberg.
    "Terms: Material for two houses at Otter Point, Md.
    "Oct. 4—6,500 ft. T & G Roofers          $247.00."


Here follows a list of items with dates of delivery and prices, amounting to $3,402.03; the last being on July 2nd,

1923; and itemized credits amounting to $2,217.85, leaving a balance of $1,184.18.

The claim was recorded on August 17th, 1923; the exhibit being a certified copy.

Defendants demurred to the bill of complaint, and assigned three grounds, viz:

1. That no cause is shown for equitable relief. 2. That it does not appear whether the alleged contract for the erection of the two dwelling houses mentioned in the bill was a joint contract or a several contract. 3. That plaintiff has not shown how much is due on each dwelling house.

The court sustained the demurrer and dismissed the bill of complaint. The case comes up on an appeal from that order.

In the opinion filed by the learned chancellor the following reasons are assigned for his conclusion: 1. Insufficiency of description of the property. 2. Failure to apportion the sum claimed. 3. Joint demand against both owners without any statement as to whether the houses were erected under a joint contract for both, or under separate contracts for each.

The first reason is not in our opinion valid. The claim as filed describes several lots by numbers designated upon a plat duly recorded among the land records of Harford County, the liber and folio being given, and also refers to the deeds by which they were conveyed. It was not necessary to state specifically that they were contiguous lots, and the fact that they may have contained more land than was necessary does not affect the validity of the lien. Provision is made by sections 5, 6, 7 and 8 of article 63 of the Code for having proper boundaries fixed on proper application by the owner both before and pending proceedings for the enforcement of a mechanic's lien and, if he fails to avail himself of these provisions, he cannot avoid the lien merely because too much land is claimed. *Fulton v. Parlett,* 104 Md. 70.

The second reason is also invalid, assuming that the right to claim a lien attached while the lots on which both of the houses were built belonged to the same persons. *Miller v.*

*Barroll,* 14 Md. 183. A failure to apportion a claim does
not defeat the claim, as section 21 provides as the only pen-
alty for failure to make such apportionment that "otherwise
such claim shall be postponed to other lien creditors." *Ful-
ton v. Parlett, supra.*

And the bill expressly alleges that "at the time of the de-
livery of the first material * * * and for some time there-
after, Ernest A. Isberg and Eleanor L. Isberg, his wife, were
the owners of the property on which both houses were under
construction and erected," and that the conveyance to Cath-
erine May Isberg of the lot on which one of the houses was
being erected was not until November 22nd, 1922, nearly
two months after the buildings were begun; and it appears
from the bill of particulars filed with the claim that prior
to that conveyance the bulk of the materials had been actu-
ally delivered.

In this connection it is appropriate to notice an additional
objection urged in his brief by counsel for appellee, that the
lien claim does not set forth that appellant's contract with
the contractor was entire and indivisible, or that there was
an intention from the beginning to furnish all the material
that would be required by the contractor. A similar objec-
tion was disposed of in *Trustees etc. v. Heise & Co.,* 44 Md.
at p. 469. There it was said by this Court through Judge
Alvey:

"The account, as stated and filed with the claim for lien,
* * * shows that the materials were continuously furnished
within the period stated (between April 3rd, 1872, and Feb-
ruary 14th, 1873), during the progress of the building. The
items are very numerous, and deliveries were made at short
intervals of a few days, as the materials were wanted at the
building; and this course of dealing continued during the
entire period covered by the account.

"The lien law * * * speaks of the *contract* for furnishing
work or materials to the builder, or other person than the
owner; but we do not understand from this that it is incum-
bent upon the claimant to establish the fact that there was

an *express* antecedent contract made with respect to the exact quantity of work or materials to be done or furnished by him. In the absence of evidence of such express contract, the character of the account, the time within which the work was done or the materials were furnished, and the object of the work or materials, may afford proper grounds for the presumption that the work was done or the materials were furnished with reference to an understanding from the commencement that such work or materials should be done or furnished, if required by the builder; and in such case, it is from the last items in the account that the notice, and the time within which to take the lien, should date. If this were not so, in every case where there is no express contract, the mechanics or material man would be under the necessity of taking several liens during the progress of a single building."

The above quotation applies to the facts of the present case as they appear from the bill and exhibits. Here the materials were furnished continuously at intervals of a few days from October 4th, 1922, to July 2nd, 1923; the period covered being about nine months. See also *Maryland Brick Co. v. Dunkerly,* 85 Md. at p. 210.

Much that has been said in discussing the chancellor's second objection applies to the third. As the lots on which both the buildings were erected were owned by the same persons at the time the contract for the delivery of the goods was made and the bulk of the materials were delivered; and as we have held that the contract was continuous and the lien attached as to the entire bill as of the time of this single ownership (see *Miller v. Barroll, supra; Fulton v. Parlett, supra; Maryland Brick Co. v. Dunkerly, supra; Same v. Spellings,* 76 Md. 341) it was immaterial whether there was as between builder and owners a joint contract for both houses, or a separate contract for each.

Nor do we find any insurmountable difficulty in the use of the words "Acc. Miss Catherine Isberg," after the words "sold to Herman Zeigler," and before the words "materials

for two houses at Otter Point, Md.," in the bill of particulars attached to the lien claim." If necessary to make the bill of particulars consistent with the lien claim to which it is attached, and which expressly refers to it, as containing an itemized statement of the materials furnished, the words "Acc. Miss Catherine Isberg" should be treated as surplusage. With a very much less liberal provision for amendment than is contained in section 41 of article 63 of the Code (which is probably the most liberal to be found anywhere in our statutes), any court would permit those words to be stricken out. Indeed nothing in the bill of particulars except the items of materials, dates, and prices are necessary to make the claim complete.

The reason for inserting those words is made perfectly plain by the bill of complaint, and even without that explanation, no one examining the record, and reading the entire lien claim as filed, could suppose that *all* the materials mentioned in the bill of particulars, said to have been furnished "for two houses at Otter Point, Md.," were for the account of Miss Catherine Isberg; or have failed to understand (a) just what was furnished; (b) that the claim was for a lien on both houses; (c) who were the owners or reputed owners; (d) who was the contractor to whom the materials were furnished; (e) the lots on which the lien was claimed; (f) the character of the buildings. In other words it contained all that the statute required to make it a valid lien. And the bill alleges and the demurrer admits that notice of an intention to claim a lien was given in proper time to the owners of both lots.

Nor does the explanation in the bill of complaint constitute a waiver of the lien against the property of the defendants other than Catherine May Isberg, as contended by appellee. It says merely that, as between the builder and the several owners, Catherine is the debtor, because her mother and father have paid the builder for their house. But it does not say that plaintiff for that reason had released his lien against the property of Mr. and Mrs. Isberg. On the

contrary both the claim as filed, and the bill of complaint, distinctly claim a lien against both properties, and the bill alleges that plaintiff is unable to apportion his claim because he does not know what part of the materials went into each house. That apparently is the reason the claim was filed against both properties rather than against the property which was conveyed by Mr. and Mrs. Isberg to Catherine. See *Fulton v. Parlett, supra.*

It remains to consider the objection urged in appellees' brief that the contractor was not made a party defendant. It seems rather late to make that point. It evidently was not considered by the chancellor, and, so far as the record shows, was not made below. But, apart from that consideration, the point is not well taken.

Under our statute (section 25 of article 63 of Code: "If the proceeding is by bill in equity, the same proceedings shall be had as used by the courts of equity to enforce other liens and the court shall decree a sale and appoint a trustee to make sale thereof and shall apportion the proceeds of such sale among the persons entitled to liens according to their respective rights." It has been repeatedly held that the proceedings are *in rem. Shryock v. Hensel,* 95 Md. 626; *Kelly v. Gilbert,* 78 Md. 438; *Long Contracting Co. v. Albert,* 116 Md. 114.

The proceeding is analogous to a common law foreclosure proceeding, the contractor, who owes for labor or materials, being somewhat in the same situation, relatively, as the mortgagor who has assigned his entire interest in the mortgaged property; that is, he has no interest in the proceeding *in rem,* but owes the debt for which a lien has attached to another's property. Mr. Miller, in his excellent book on *Equity Procedure,* says at page 76: "In case of assignment by the mortgagor of his entire interest the assignee only should be made a party, the mortgagor in such cases being neither a necessary or proper party, unless he has warranted the title to his assignee, or unless a personal judgment is

sought against him." However, in *Worthington v. Lee,* 2 Bland, 678, it is said that a mortgagor who has not been legally divested of his whole interest is a *necessary* party, while one who has an interest in stating the account, or against whom a judgment may be obtained for balance, is a *proper* party. See also *Holmes v. Humphreys,* 187 Mass. 513; *Hilton Bridge Construction Co. v. N. Y. Central etc. R. Co.,* 145 N. Y. 390. Undoubtedly the contractor could have been made a party defendant at the request of the owners, and is frequently joined as a defendent voluntarily by the plaintiff; but he is not a *necessary* party.

In considering the matters presented by this appeal it is important to keep in mind the provision of section 41 of article 63, that "this article shall be construed and have the same effect as laws which give general jurisdiction or are remedial in their nature; and such amendments shall, from time to time and at any time, be made in the proceedings, commencing with the claim or lien to be filed and extending to all subsequent proceedings, as may be necessary and proper; provided that the amount of the claim or lien filed shall not in any case be enlarged."

*Real Estate Co. v. Phillips,* 90 Md. 515, and *Fulton v. Parlett, supra,* are illustrations of the length this Court has felt constrained to go in obedience to the spirit of that section. In the former case Judge Fowler quotes from *Blake v. Pitcher & Wilson,* 46 Md. 464, "the spirit in which the mechanic's lien law is to be interpreted, has been prescribed by the Legislature and impressed in such strong terms upon its face that no court can mistake its meaning"; and adds: "It is to be construed in the most liberal and comprehensive manner in favor of mechanics and material men."

In our opinion there was error in the order sustaining the demurrer and dismissing the bill of complaint, and the case must be remanded.

If the evidence supports the allegation that Mr. and Mrs. Isberg have paid for their house, that Catherine May Is-

berg's house has not been paid for, and that there is a balance
due plaintiff, the decree should direct Catherine's property
to be first sold to satisfy plaintiff's claim, if the amount
found to be due him is not paid by a given date.

> *Order reversed and cause remanded for fur-*
> *ther proceedings, with costs to appellant.*

Parke and Walsh, JJ., dissent.