### CANTON LUMBER CO. et al. v. COOPER
### (two cases).
### Nos. 3696, 3718.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Hall Hammond and W. Conwell Smith, both of Baltimore, Md. (Charles E. Cockey, of Baltimore, Md., on the brief), for appellants.

J. Crossan Cooper, Jr., of Baltimore, Md., in pro. per.

NORTHCOTT, Circuit Judge.

These are appeals from the District Court of the United States for the District of Maryland in the matter of In re Sanford & Brooks Company, bankrupt. The appeal in case No. 3696 was allowed by this court; and the appeal in case No. 3718 was allowed, as a matter of right, by the District Judge who heard the case below.

Sanford & Brooks Company, general contractors, became bankrupt in January, 1934, and the appellee Cooper was first appointed receiver and afterwards duly qualified as trustee of the estate of the bankrupt. At the time of the bankruptcy, the Sanford & Brooks Company were engaged in the erection of a wooden bulkhead in front of the property of the Mutual Chemical Company of America, in Baltimore county, Md. The bulkhead, or retaining fence, that was being constructed, was being built in the Patapsco river. By order of the District Court the said Cooper was authorized to complete the contract, and did so. At the time of the bankruptcy, appellants, Canton Lumber Company and the J. S. Hoskins Lumber Company, had furnished certain materials for the project, the price of which aggregated the total sum of $3,964.48.

Appellants endeavored to perfect a mechanic's lien for the amount due them and served notice, under the mechanic's lien law of Maryland, upon the chemical company that they would assert such lien, and upon completion of the project the chemical company retained this amount from the price to be paid. The trustee filed a petition in the bankruptcy case alleging that the structure was not such a one as would entitle those furnishing materials to a lien. An

order was entered directing appellants to show cause why their lien should be upheld and, upon a hearing before the judge below, evidence was taken. The judge found against the claimants of the lien and directed the payment of the sum withheld by the chemical company to the trustee free of any claims of the lienors. From this action of the court below these appeals were brought.

There is no dispute as to the facts, and the sole question here is whether the structure in question was such a one as could be subjected to a mechanic's lien.

The pertinent section of the mechanic's lien law is section 22 of the Maryland Code, art. 63, p. 2147, which reads as follows: "Every machine, wharf and bridge erected, constructed or repaired within this State shall be subject to a lien in like manner as buildings are made subject under the provisions of this article."

The contention of the appellants is that the structure being erected was the beginning of the erection of what would be a wharf, and that therefore the structure came within the meaning of the word "wharf," as used in the statute. In a well-considered opinion, the judge below gives his reasons for reaching the conclusion that the structure was neither a wharf nor the beginning of a wharf, and we are of the opinion that both his reasoning and conclusion are correct.

■ While it is true that under the decisions of that state the Maryland mechanic's lien law should be given a broad and liberal construction (Caltrider v. Isberg, 148 Md. 657, 130 A. 53), the "courts have no power to extend it to cases beyond the obvious designs and plain requirements of the statute" (Basshor v. B. & O. Railroad, 65 Md. 99, 3 A. 285, 286).

■ The structure here was described in detail by the witnesses in the court below. The wall, or bulkhead, that was being built was for the purpose of retaining refuse hauled by barge from the plant of the chemical company and dumped behind the wall; the space between the wall and the land to be filled with this waste product making new land. The structure had a flat top not more than 14 inches wide, and between it and the land, until this space was filled in, there was water. It could not by any stretch of imagination be considered as a wharf or to be used for wharf purposes. The water immediately outside the

bulkhead, or mud fence, was entirely too shallow to permit its use as a wharf, nor could it eventually be used for that purpose. In order to dredge to a sufficient depth to permit barges or vessels to land along side of it, the dredging would go below the bottom of the bulkhead, or retaining wall, and cause it to give way. To erect upon the structure, as built, any kind of wharf would necessitate an entire reconstruction.

Giving to the decision of the judge below that weight to which it is entitled, and believing that he could not, from the evidence, properly have reached any other conclusion, we accordingly affirm the order of the court below.

The appeal was properly allowed in case No. 3718, under section 24a of the Bankruptcy Act (11 USCA § 47 (a), and an order in compliance with the above opinion will be entered in that case. The appeal in case No. 3696, will be dismissed.

No. 3718 affirmed; No. 3696 appeal dismissed.