946 A.2d 995

**Manoochehr ARFAA et ux.**

v.

**Christopher MARTINO, d/b/a Do–It–All Construction, Inc.**

**No. 101, Sept. Term, 2006.**

Court of Appeals of Maryland.

April 18, 2008.

Leslie Hayes Russo (Luke Rommel, Otway Russo, LLP, on brief), Salisbury, for Petitioners.

Allan A. Noble (Budow and Noble, P.C., on brief), Bethesda, for Respondent.

Argued before BELL, C.J., RAKER,* CATHELL, HARRELL, BATTAGLIA, GREENE and ALAN M. WILNER (Retired, Specially Assigned), JJ.

BELL, Chief Judge.

This mechanics' lien case presents two issues for resolution: (1) whether the Petition for Mechanics' Lien, filed by the respondent, Christopher Martino, d/b/a Do–It–All Construction Inc. ("Martino"), sufficiently, adequately and legally described and identified the building to be subjected to the lien, as required by Maryland Code (1974, 2003 Repl.Vol.) § 9–105 of the Real Property Article ("RP"),[1] so as to withstand the

---

\* Cathell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

**1.** Maryland Code (1974, 2003 Repl. Vol) § 9–105 of the Real Property Article provides, as relevant:

motion to dismiss filed by the petitioners, Manoochehr and Dottie Ferris Arfaa (the "Arfaas"), the owners of the property, and (2) whether, pursuant to § RP § 9–103 and its implementing rule, Maryland Rule 12–308, when the building that is subject to a mechanics' lien arguably is situated on more land than reasonably necessary for its use and enjoyment, the party seeking the mechanics' lien has the burden of designating the boundaries of the land adjacent to the subject building that is "necessary for the ordinary and useful purposes of the building." The Court of Special Appeals, in vacating the judgment of the trial court and remanding the case for further proceedings, *Martino v. Arfaa,* 169 Md.App. 692, 715, 906 A.2d 945, 958 (2006), answered the former question in the affirmative, *id.* at 707, 906 A.2d at 953, and, although it was not presented directly, given its analysis of the issue and interpretation of the relevant statute and rule, *id.* at 708–715, 906 A.2d at 954–58, the latter in the negative. We agree and, therefore, we shall affirm the judgment of the intermediate appellate court.

This case began with Martino filing, in the Circuit Court for Harford County, a petition to establish a mechanics' lien on "the property located at 2310 Cullum Road, Bel Air Maryland 21015–6539." The property located at 2310 Cullum Road, in Bel Air, Harford County, Maryland 21015–6539, its street and mailing address, is owned by the petitioners. On that property, which consists of 73.77 acres of land, is situated their residence, which, according to a print-out from the Maryland

---

"(a) In order to establish a lien under this subtitle, a person entitled to a lien shall file proceedings in the circuit court for the county where the land or any part of land is located within 180 days after the work has been finished or the materials furnished. The proceedings shall be commenced by filing with the clerk, the following:

(1) A petition to establish the mechanics' lien, which shall set forth at least the following:

\* \* \* \*

"(iv) A description of the land, including a statement of whether part of the land is located in another county, and a description adequate to identify the buildings[.]"

Future references to this statute will be to Maryland Code (1974, 2003 Repl. Vol.)("RP").

State Department of Assessments and Taxation ("SDAT"), is a two-story brick building built in 1920, having 4,552 square feet of enclosed space and is the primary structure on the property.

## I.

On August 21, 2002, the Arfaas' residence suffered significant fire damage. As a result, the Arfaas hired Belfor USA Group, Inc. ("Belfor") to manage repairs and renovations to the residence. Belfor, as general contractor, contracted with Keith Parker Construction Company ("Parker") to perform the repair and renovation work.[2] Parker, in turn, subcontracted with Martino's company for the performance of a substantial portion of the repair and renovation work. Martino's company performed approximately nine weeks of work on the Arfaas' residence pursuant to the contract, which, according to the petition for mechanics' lien filed by Martino, "included extensive demolition work, reconstruction of numerous walls and rooms, framing of windows, framing of doorways, hallways, framing of chimney, construction of walls, installation of roof trusses, furring of hardwood floors, install[ation of] subflooring, construction of exterior walls, construction of dormers, installation of skylights, etc." Martino submitted invoices to Parker for $93,145 for that work and materials, but was paid only $23,650, leaving an unpaid balance of $69,495.

As required by RP § 9–104,[3] Martino timely, by posting on the property, served the Arfaas with a notice of intention to

---

**2.** Neither Belfor USA Group, Inc. nor Keith Parker Construction Company is a party to this appeal.

**3.** RP 9–104, as pertinent, provides:

"(a)(1) A subcontractor doing work or furnishing materials or both for or about a building other than a single family dwelling being erected on the owner's land for his own residence is not entitled to a lien under this subtitle unless, within 120 days after doing the work or furnishing the materials, the subcontractor gives written notice of an intention to claim a lien substantially in the form specified in subsection (b) of this section.

claim a lien for the amount of the unpaid invoices, $69, 495. To that notice, he attached copies of the invoices he had sent to "Keith Parker Construction." Largely identical, except for the week number and the amount claimed to be due, the invoices read:

"This is an invoice for week [number] of demolition and rehabilitations on Dr. ARFAA's [sic] Home!

There is a list of things that were done this past week, and the amount for the invoice.

The amount for this invoice is [amount].

See pages attached!"

---

"(2) A subcontractor doing work or furnishing materials or both for or about a single family dwelling being erected on the owner's land for his own residence is not entitled to a lien under this subtitle unless, within 120 days after doing work or furnishing materials for or about that single family dwelling, the subcontractor gives written notice of an intention to claim a lien in accordance with subsection (a)(1) of this section and the owner has not made full payment to the contractor prior to receiving the notice.
"(b) The form of notice is sufficient for the purposes of this subtitle if it contains the information required and is substantially in the following form:
" 'Notice to Owner or Owner's Agent of Intention to Claim a Lien
". . . . . . . . . . . . . . . (Subcontractor) did work or furnished material for or about the building generally designated or briefly described as . . . . . . . . . . . . . . . . . . . . . . . . . The total amount earned under the subcontractor's undertaking to the date hereof is $. . . . . . . . of which $. . . . . . . . is due and unpaid as of the date hereof. The work done or materials provided under the subcontract were as follows: (insert brief description of the work done and materials furnished, the time when the work was done or the materials furnished, and the name of the person for whom the work was done or to whom the materials were furnished).
"I do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing notice are true to the best of the affiant's knowledge, information, and belief.
. . . . . . . . . . . . . . .
(Individual) on behalf of
. . . . . . . . . . . . . . . . .
(Subcontractor)
(Insert if subcontractor is not an individual)' "
\* \* \*
"(e) *Notice by posting* -If notice cannot be given on account of absence or other causes, the subcontractor, or his agent, in the presence of a

Within 180 days after the last day on which Martino performed work, Martino filed, as required by RP § 9–105(a), his petition to establish a mechanics' lien. The petition, in pertinent part, averred:

"NOW COMES the petition, Christopher Martino, d/b/a Do–It–All Construction, Inc . . . . and hereby petitions the Court to establish a mechanics' lien on the property located at 2310 Cullum Road, Bel Air, Maryland 21015, pursuant to Md.Code Real Property, § 9–105 (2003). In support of this petition, the Petitioner hereby avers that the following facts are true to the best of his knowledge:

"1. The property located in Harford County at 2310 Cullum Road, Bel Air, Maryland 21015–6539 is owned by Dr. Manoochehr Arfaa and Mrs. Dottie Arfaa (hereinafter referred to as "the Arfaas"). (*See* Exhibit A [the print-out from the records of SDAT] ).

"2. This property is further identified as Map 57, Grid 2E, Parcel 50 by the Maryland Department of Taxation and Assessments. (*Id.*).

"3. The property owned by the Arfaas is under renovation as a result of an insurance loss . . . .

\* \* \*

"7. Work was completed by [appellee] on or about July 18, 2003, and this Petition is timely filed in accordance with Md.Code, Real Property, § 9–105 (2003).

\* \* \*

"10. The work performed by [appellee] included extensive demolition work, reconstruction of numerous walls and rooms, framing of windows, framing of doorways, hallways, framing of chimney, construction of walls, installation of roof

---

competent witness, and within 120 days, may place notice on the door or other front part of the building . . . . "

trusses, furring of hardwood floors, installed subflooring, construction of exterior walls, construction of dormers, installation of skylights, etc. (*See* Exhibit B; *see also* Exhibit C, Photographs of work in progress).

\* \* \*

"12. A copy of the Notice to Owner or Owner's Agent of Intention to Claim an [sic] Lien ... is attached hereto as Exhibit B. Additionally, evidence of the service by certified mail on the named property owner is included in Exhibit B. Additionally, a copy of the Notice was posted on the property in accordance with Md.Code, Real Property, § 9–104 (2003)....

\* \* \*

WHEREFORE, Petitioner respectfully requests that this Court impose a mechanics' lien in the amount of $69,495.00 on the property located at 2310 Cullum Road, Bel Air, Maryland 21015–6539 located in Harford County, Maryland.

Martino attached to the petition, as exhibits, (1) the Maryland SDAT record describing the property; (2) Martino's affidavit; (3) Martino's notice, to the Arfaas, of his intention to claim a lien; (4) construction notes, invoices and change orders; and (5) 141 photocopies of photographs of the Arfaa residence at various states of construction, from different angles and showing unique architectural features, e.g., columns, of the subject building.

In their answer to Martino's petition, the Arfaas stated that they had paid Belfor for the work claimed by Martino as subcontractor. The Arfaas also emphasized in their answer that their sole contractual relationship was with Belfor, and, therefore, expressly denied that they had any liability for monies owed to its subcontractor(s). The Arfaas, too, attached to their answer numerous exhibits,[4] addressing, however, their contractual relationship with Belfor.

---

4. Some of the exhibits show that the Arfaas paid Belfor an amount on their contract, which cumulatively was in excess of the amount claimed by Martino as of October 7, 2003, the date on which Martino served the Arfaas with notice of intention to claim a lien. A letter from Dr. Arfaa

On the day of the hearing set by the Circuit Court, pursuant to RP § 9–106(a)[5] for the Arfaas to show cause why a lien should not attach to the property described in Martino's petition, but before the hearing commenced, the Arfaas, hand-delivered to Martino a sworn "Amended Answer to Petition for Mechanics' Lien." In that amended answer, in pertinent part, they asserted:

> "Neither the Petitioner's Notice or Petition describe the building upon which they desire a Mechanics' Lien, but merely state they want a Mechanic' [s] Lien on the property at 2310 Cullum Road, Bel Air, Maryland 21015. The Arfaa[s'] property consists of 73+ acres and contains three separate buildings. The Petition must be dismissed as a matter of law because . . . it fails on its face to describe the building or buildings and its location on the property."

After hearing argument on the legal issues, the Circuit Court held the matter *sub curia.*

The Circuit Court subsequently issued a written memorandum and order that dismissed Martino's petition. The court found that, in contravention of RP § 9–105, Martino's petition failed to identify adequately the building upon which the lien was sought. Crediting the allegation made by the Arfaas in

---

to Belfor, dated January 7, 2004, enclosed a progress payment of $50,000. The letter also advised Belfor that Martino had served the Arfaas with a notice of intention to file a lien, and that the Arfaas disclaimed "responsibility to pay for such monies owed to [Belfor's] subcontractors. . . ."

It is interesting to note that some of the Arfaas' exhibits show their mailing address as "2310 Cullum Rd., Bel Air, Md. 21015." Indeed, in one of the exhibits, a work authorization for Belfor to proceed with repairs, "[The Arfaas] represent [] that [] they are owners of . . . the hereinafter specified real property, contents or structure commonly known as: 2310 Cullum Rd., Bel Air, MD. 21015." Moreover, correspondence from the Dr. Arfaa to Belfor, referred to the renovation project as "Job: 2310 Cullum Road, Bel Air, MD."

5. RP § 9–106(a)(1) requires the court, if it "determines that the lien should attach, . . . [to] pass an order that directs the owner to show cause within 15 days from the date of service on the owner of a copy of the order, together with copies of the pleadings and documents on file, why a lien upon the land or building and for the amount described in the petition should not attach."

their amended answer, that there were two additional buildings on their property at 2310 Cullum Road, the court reasoned that none of the exhibits attached to the petition, including invoices, and photographs, "describe[d] the building upon which the work was performed in a manner sufficient to identify a specific building." Noting that the only reference to a specific building on the property was contained in a statement in the affidavit of service of the notice of intention to claim a lien, i.e., that it was served on "the door of the *residence* located at 2310 Cullum Road[,]" (emphasis added), the court concluded: "[i]t is not clear from the pleadings which of the three buildings on the property qualifies as a 'residence' of the [Arfaas] [,]" and consequently, that the petition was "facially defective." [6] Having determined that Martino failed to include a "description adequate to identify the building," as required by RP § 9–105(a)(1)(iv), the Circuit Court entered final judgment in favor of the Arfaas. Martino timely noted an appeal to the Court of Special Appeals.

The Court of Special Appeals held that the Circuit Court erred in dismissing Martino's Petition for Mechanics' Lien for failing adequately to describe the building to which the lien would attach, as required by RP § 9–105(a)(1)(iv). *Martino*, 169 Md.App. at 706, 906 A.2d at 953. Unlike the trial court, it did not credit the Arfaas' explicit and implicit assertions in their amended answer that there is more than one building on the property-two more, in fact, than the Martino petition identified-, that the work might have been done on any one of them and that the building to which Martino referred, and the accompanying exhibits, could have applied to either of them. As to the assertion that three buildings are on the property, the intermediate appellate court observed:

"The Arfaas' reference in their answer to 'three separate buildings' on the property was a red herring. The Arfaas never described the other two buildings, never asserted that there are three 'houses' at 2310 Cullum Road, and never

---

6. Following the dismissal, but prior to final judgment, Martino filed a motion for reconsideration, which was denied.

asserted that more than one building on their property resembled in any way the structure shown in 141 photographs. That structure was a distinctive, large home, with large columns on one facade. Given the fact that the Arfaas' property was referred to as 'agricultural' on the SDAT print-out, the other two buildings may well have been a barn and a storage shed. (And [therefore,] the structure shown in the 141 photographs could not be confused with such ancillary buildings)...."

*Id.* at 708, 906 A.2d at 954.

Moreover, the Court of Special Appeals was not persuaded that including in the petition for lien alleged excess acreage was a sufficient basis on which to hold that Martino's claim to a lien was deficient, never mind to dismiss his petition. It explained:

"[T]he Arfaas' emphasis of the fact that their lot was on a 73+ acre parcel was not a sufficient reason for the circuit court to deny the lien altogether. Even though the lien statute still refers to establishing a lien against the 'building,' there is generally no separate registration of title for building improvements in Maryland (notable exceptions being condominiums and time shares), and the transfer of ownership of a house such as the Arfaas' is generally effected by a conveyance of title to the underlying land. Accordingly, a conveyance of the Arfaas' house would normally be accomplished by a deed conveying the same 73+ acre parcel they purchased in 1985 'together with the improvements thereon.'"

*Id.* at 708–09, 906 A.2d at 954.

In that regard, the intermediate appellate court gave great weight to the remedial nature of mechanics' lien law. *Id.*, at 706–09, 906 A.2d at 953–54. It also interpreted RP § 9–103 [7]

---

7. RP § 9–103 provides:

"(a) A lien established in accordance with this subtitle shall extend to the land covered by the building and to as much other land, immediately adjacent and belonging in like manner to the owner of the building, as may be necessary for the ordinary and useful purposes of

and Maryland Rule 12–308,[8] which implements it, as giving to the owners of large parcels of land on which is situated a building potentially subject to mechanics' liens the option to designate the boundaries of the land to which any such lien would attach. *Id.* at 709–10, 906 A.2d at 954–55. Accordingly, the Court of Special Appeals vacated the judgment of the Circuit Court [9] and remanded the case for further proceed-

---

the building. The quantity and boundaries of the land may be designated as provided in this section.

"(b) An owner of any land who desires to erect any building or to contract with any person for its erection may define, in writing, the boundaries of the land appurtenant to the building before the commencement of construction, and then file the boundaries for record with the clerk of the circuit court for the county. The designation of boundaries shall be binding on all persons. If the boundaries are not designated before the commencement of a building, the owner of the land or any person having a lien or encumbrance on the land by mortgage, judgment, or otherwise entitled to establish a lien in accordance with this subtitle may apply, by written petition, to the circuit court for the county to designate the boundaries."

8. Maryland Rule 12–308, in pertinent part, provides:

"(a) *Before Commencement of Construction.* An owner of land who, before commencement of construction, desires to define the boundaries of the land in accordance with Code, Real Property Article, § 9–103(b) shall file a notice to establish boundaries in an ex parte proceeding in the county in which the property is located. The notice shall be captioned, filed, and indexed as any other civil action under the name of the owner of the land and shall contain:

"(1) a reference to the conveyance or other means by which the owner acquired title to the land;

"(2) a description of the newly established boundaries sufficient to identify the land with reasonable certainty; and

"(3) a brief description of the construction for which the boundaries are established.

"(b) *After Commencement of Construction.*

"(1) Motion. After the commencement of construction of any improvement upon land that might be subject to a claim for a mechanics' lien, the owner of the land or any other person interested in the land, including anyone who has or might assert a mechanics' lien against the land by reason of the construction, may file a motion in the circuit court for the county where the land is located requesting the court to designate the boundaries pursuant to this Rule and to issue a writ of survey for that purpose. If the person filing the motion is a party to a proceeding to establish or enforce the lien, the motion shall be filed in the first proceeding to which the person became a party."

9. The Arfaas challenged, on that appeal, the timeliness of Martino's appeal. *Martino, d/b/a Do–It–All Construction, Inc. v. Arfaa et ux.,* 169

ings, not inconsistent with its opinion. *Id.* at 715, 906 A.2d at 958.

As indicated, we granted the Arfaas' petition for writ of certiorari to address the questions set forth infra. *Arfaa v. Martino,* 396 Md. 11, 912 A.2d 648 (2006)(Table).

### II.

The Arfaas contend that Martino's petition was deficient because it failed to identify adequately, as required by § RP 9–105(a)(1)(iv), their residence as the building on which Martino performed work and, therefore, on which his mechanics' lien would attach. They point out that, on its face, the petition neither refers to a "residence" or "house," nor identifies in which of the three buildings they allege to be situated on the property Martino performed the repair and renovation work for which he claims the lien. The Arfaas further contend that Martino's petition was deficient as well by being too broad-it sought to attach a lien to the whole of the Arfaas' 73.77 acres of land, rather than to a smaller portion, the land adjacent to the building on which the work was done, as RP § 9–103(a) requires. They maintain, in that regard, that, by suggesting, even if not holding, that the Arfaas, as the owners of the land, could, and, by implication, should, have designated the boundaries of the land to be subject to a mechanics' lien under RP § 9–103(b), the Court of Special Appeals engaged in improper burden-shifting. We disagree with respect to each of the Arfaas' contentions.

### A.

RP § 9–105 [10] governs the initiation of mechanics' lien proceedings. To commence proceedings to establish a mechanics'

---

Md.App. 692, 701, 906 A.2d 945, 950 (2006). The Court of Special Appeals addressed, and resolved, that issue in Martino's favor and the Arfaas, not having included it in their petition for writ of certiorari, have not raised it in this Court. *Id.* at 702, 906 A.2d at 951. Accordingly, we need not, and do not, address it.

**10.** It provides:

lien, the party seeking the lien must file with the clerk of the appropriate circuit court, a petition to establish the mechanics' lien, along with that party's affidavit as to the facts showing that party's entitlement to the lien and "material papers or parts thereof, if any, which constitute the basis of the lien claim."

This Court has explained that, consistent with legislative intent, the mechanics' lien law must be liberally construed in order to afford appropriate and ample protection to subcontractors. We made this point quite clear in *Winkler v. Jerome,* 355 Md. 231, 246–47, 734 A.2d 212 (1999). There, Judge Wilner, writing for the Court, stated:

> "(a) In order to establish a lien under this subtitle, a person entitled to a lien shall file proceedings in the circuit court for the county where the land or any part of land is located within 180 days after the work has been finished or the materials furnished. The proceedings shall be commenced by filing with the clerk, the following:
>
> "(1) A petition to establish the mechanics' lien, which shall set forth at least the following:
>
> "(i) The name and address of the petitioner;
>
> "(ii) The name and address of the owner;
>
> "(iii) The nature or kind of work done or the kind and amount of materials furnished, the time when the work was done or the materials were furnished, the name of the person for whom the work was done or to whom the materials were furnished and the amount or sum claimed to be due, less any credit recognized by the petitioner;
>
> "(iv) A description of the land, including a statement of whether part of the land is located in another county, and a description adequate to identify *the buildings;* and
>
> "(v) If the petitioner is a subcontractor, facts showing that the notice required under § 9–104 of this subtitle was properly mailed or served upon the owner, or, if so authorized, posted on the building. If the lien is sought to be established against two or more buildings on separate lots or parcels of land owned by the same person, the lien will be postponed to other mechanics' liens unless the petitioner designates the amount he claims is due him on each buildings;
>
> "(2) An affidavit by the petitioner or some person on his behalf, setting forth facts upon which the petitioner claims he is entitled to the lien in the amount specified; and
>
> "(3) *Either original or sworn, certified or photostatic copies of material papers or parts thereof, if any, which constitute the basis of the lien claim,* unless the absence thereof is explained in the affidavit."
> (emphasis added).

"The mechanics' lien law has historically been construed 'in the most liberal and comprehensive manner in favor of mechanics' and materialmen.' *T. Dan Kolker, Inc. v. Shure,* 209 Md. 290, 296, 121 A.2d 223, 226 (1956) and cases cited therein. Indeed, the law itself provides that it is remedial and is to be construed to give effect to its purpose. [RP] § 9–112. The need for a liberal construction is particularly important with respect to subcontractors who, though benefitting the owner and enhancing the value of the owner's property by the provision of their labor or materials, have no direct contractual relationship with the owner and therefore cannot otherwise subject the owner's property or assets to the payment of their claims. That bent of the statute in favor of subcontractors has always been subject to the caveat, however, that, as a mechanics' lien was unknown at common law and is purely a creature of statute, it is 'obtainable only if the requirements of the statute are complied with.' *Freeform Pools v. Strawbridge,* 228 Md. 297, 301, 179 A.2d 683, 685 (1962); *Aviles v. Eshelman Elec. Corp.,* 281 Md. 529, 536, 379 A.2d 1227, 1231 (1977)."

To be sure, the burden is on the lien claimant to establish entitlement to the lien and it is true that the owner bears no burden to negate that entitlement. *Id.* at 251–52,734 A.2d at 223–24. *Winkler* also makes clear, "... a lien is not created until it is established by a court, and it may not be established by a court, even on an interlocutory basis, absent a finding of probable cause made after the owner has an opportunity to object." [11] *Id.* at 248, 734 A.2d at 221–22. We have,

---

**11.** As this Court summarized in *Winkler v. Jerome,* 355 Md. 231, 247–48, 734 A.2d 212, 221–222 (1999):

"Prior to 1976, a mechanics' lien attached automatically as soon as the work was done or the materials were provided. That lien, created by operation of law, lasted for six months and could be extended simply by the ... subcontractor filing a claim with the clerk of the circuit court. See *Barry Properties v. Fick Bros.,* 277 Md. 15, 19, 353 A.2d 222, 226 (1976). Upon that ex *parte* filing, the lien continued for an additional year, subject to the claimant's suing to enforce it or the owner or other interested person suing to compel the claimant to prove the validity of the claim. Theoretically, the lien

however, been clear, mechanics' lien law, nevertheless, must not be interpreted so as to make the burden on the claimant so onerous as effectively to cancel the remedy that the Legislature has provided. *Reisterstown Lumber v. Tsao,* 319 Md. 623, 574 A.2d 307 (1990).

In light of the sometimes conflicting interests of owners in due process on the one hand, and of subcontractors in liberal protection on the other, we interpret RP § 9–105 in a manner that does not absolve the subcontractor of the duty to include in the petition, inter alia, an adequate description of the building to which a lien would attach. Simultaneously, however, we may not interpret RP § 9–105 in such a manner that the subcontractor's burden is rendered so difficult, that the subcontractor is prevented from obtaining a mechanics' lien.

Martino contends that, when the petition is read in combination with and/or supplemented by the documents attached to it, an owner or a prospective creditor can identify the Arfaas' residence as the building in which the work for which the lien is claimed was done and, therefore, to which the lien attaches. We agree and hold that identifying in the petition the building to which to attach the lien, the Arfaas' residence, by its mailing address (with both a street number and 9–digit zip code), is sufficient to withstand the Arfaas' motion to dismiss.

The standard of review of a motion to dismiss is well-settled. We recently reiterated it:

> could exist for as long as 18 months before the claimant was required to prove the underlying basis for it. The only condition, in the case of a subcontractor who did not deal directly with the owner, was that the subcontractor give written notice to the owner within 90 days after furnishing the work or material. The function of that notice was to allow the owner to protect itself by withholding the amount of the claim from what otherwise would be due to the prime contractor, subject to later resolution or adjudication. *Barry Properties, supra,* at 20, 353 A.2d at 226 .... As a result of our decision in *Barry Properties,* finding Constitutional fault with the then-existing statutory approach, the law was ... comprehensively rewritten to provide a greater measure of due process to the owner."

"Upon review of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must 'assume the truth of all well-pleaded facts and allegations in the complaint, as well as all inferences that can reasonably be drawn from them,' *Morris v. Osmose Wood Preserving*, 340 Md. 519, 531, 667 A.2d 624, 630 (1995), and order dismissal only if the allegations and permissible inferences, if true, would not afford relief to the plaintiff, i.e., the allegations do not state a cause of action. *A.J. Decoster Co. v. Westinghouse*, 333 Md. 245, 249, 634 A.2d 1330, 1332 (1994). *See* also *Sharrow v. State Farm Mutual Auto. Ins. Co.*, 306 Md. 754, 768, 511 A.2d 492, 499–500 (1986), in which we stated the rule as follows: '[I]n considering the legal sufficiency of [a] complaint to allege a cause of action for tortious interference, we must assume the truth of all relevant and material facts that are well pleaded and all inferences which can be reasonably drawn from those pleadings.' Mere conclusory charges that are not factual allegations may not be considered. *Morris, supra*, 340 Md. at 531, 667 A.2d at 631, *Faya v. Almaraz*, 329 Md. 435, 443, 620 A.2d 327, 331 (1993). Moreover, in determining whether a petitioner has alleged claims upon which relief can be granted, '[t]here is . . . a big difference between that which is necessary to prove the [commission of a tort] and that which is necessary merely to allege [its commission],' *Sharrow, supra*, 306 Md. at 770, 511 A.2d at 500, and, when that is the issue, the court's decision does not pass on the merits of the claims; it merely determines the plaintiff's right to bring the action. *Figueiredo–Torres v. Nickel*, 321 Md. 642, 647, 584 A.2d 69, 72 (1991). Furthermore, the court must view all well-pleaded facts and the inferences from those facts in a light most favorable to the plaintiff. *Board of Education v. Browning*, 333 Md. 281, 286, 635 A.2d 373, 376 (1994)."

*Lloyd v. General Motors Corp.*, 397 Md. 108, 121–122, 916 A.2d 257, 264–265 (2007). *See also Carroll v. Konits*, 400 Md. 167, 176, 929 A.2d 19, 25 (2007). In short, "[d]ismissal is

proper only if the alleged facts and permissible inferences, so viewed, would, if proven, nonetheless fail to afford relief to the plaintiff." *McNack v. State,* 398 Md. 378, 388, 920 A.2d 1097, 1103 (2007), quoting *Ricketts v. Ricketts,* 393 Md. 479, 492, 903 A.2d 857, 864 (2006) (citing *Allied Invest. Corp. v. Jasen,* 354 Md. 547, 555, 731 A.2d 957, 961 (1999); *Bobo v. State,* 346 Md. 706, 709, 697 A.2d 1371, 1373 (1997); *Morris,* 340 Md. at 531, 667 A.2d at 630). To like effect, *see Faya v. Almaraz,* 329 Md. 435, 442–43, 620 A.2d 327, 330 (1993).

The sufficiency of the allegations in the petition to state a claim for a mechanics' lien and, if proven, to establish entitlement to the lien, is not in doubt or, indeed, disputed. The issue, rather is whether the description of the building is sufficiently precise as to identify it for purposes of the lien. Thus, the issue, at this stage, is not whether the allegations are such as to prove that the Arfaas' residence is the building in which the repair and renovation work giving rise to a lien was done, only whether they sufficiently identify it as such. The Court of Special Appeals characterized the inquiry as whether "Martino's description of the building was so woefully inadequate as to require dismissal of the petition," concluding, as we have seen, that it was not. *Martino,* 169 Md.App. at 706, 906 A.2d at 953. We agree.

There is a big difference between proving that the Arfaas' residence is the subject building and sufficiently alleging that it is. *Sharrow, supra* at n. 11, 306 Md. 754, 770, 511 A.2d 492, 500. Martino's petition did not identify any building other than the one he claimed was the Arfaas' residence, which he identified by street address. That other buildings may be on the property, at that address, was a matter introduced by the Arfaas's answer. An answer alleging the existence of other buildings, however, is not dispositive,-for purposes of a motion to dismiss, that allegation, unlike those in the petition, which must be taken in the light most favorable to Martino, need not be viewed in the light most favorable to the Arfaas. At best it creates a dispute of fact, the resolution of which is a matter

for the trier of fact.   See RP § 9–106(b) [12] and Maryland Rule 12–304(e).[13]   If identifying in the petition for mechanics' lien

---

**12.**   RP § 9–106(b) provides:

"(b)(1) If the pleadings, affidavits and admissions on file, and the evidence, if any, show that there is no genuine dispute as to any material fact and that the lien should attach as a matter of law, then a final order shall be entered establishing the lien for want of any cause shown to the contrary.   Further, if it appears that there is no genuine dispute as to any portion of the lien claim, then the validity of that portion shall be established and the action shall proceed only on the disputed amount of the lien claim.

"(2) If the pleadings, affidavits and admissions on file and the evidence, if any, show that there is no genuine dispute as to any material fact and that the petitioner failed to establish his right to a lien as a matter of law, then a final order shall be entered denying the lien for cause shown.

"(3) If the court determines from the pleadings, affidavits and admissions on file, and the evidence, if any, that the lien should not attach, or should not attach in the amount claimed, as a matter of law, by any final order, but that there is probable cause to believe the petitioner is entitled to a lien, the court shall enter an interlocutory order which:

"(i) Establishes the lien;

"(ii) Describes the boundaries of the land and the buildings to which the lien attaches;

"(iii) States the amount of the claim for which probable cause is found;

"(iv) Specifies the amount of a bond that the owner may file to have the land and building released from the lien;

"(v) May require the claimant to file a bond in an amount that the court believes sufficient for damages, including reasonable attorney's fees;  and

"(vi) Assigns a date for the trial of all the matters at issue in the action, which shall be within a period of six months.   The owner or any other person interested in the property, however, may, at any time, move to have the lien established by the interlocutory order modified or dissolved."

**13.**   Maryland Rule 12–304(e) provides:

"(e) Relief Granted.

"(1) Judgment if No Genuine Dispute.

"(A) If the pleadings and admissions on file and any evidence show that there is no genuine dispute as to any material fact and that the lien should attach as a matter of law, the court shall enter a judgment establishing the lien.   If it appears that there is no genuine dispute as to a portion of the lien claim, the court shall enter an order establishing the validity of the lien as to that portion and the action shall proceed only on the disputed amount of the lien claim.

the building as to which a mechanics' lien is sought by street address is insufficient when the answer to the petition alleges that other buildings are on the property, then more is required than a description adequate to identify the building; proof that it is the building, to the exclusion of other buildings, would be required.

Martino did not rely solely on the street address and zip code reference. In addition to the street address and zip code reference, he submitted a tax map parcel number, a printout from the SDAT containing unique descriptive information about the property, his affidavit, and 141 photographs of the Arfaas' residence, many of which depicted "distinctive features of the subject structure." *Martino,* 169 Md.App. at 707, 906 A.2d at 953–54. As argued by Martino, at the very least, the petition and the attached documents cumulatively satisfy RP § 9–105(a)(1)(iv) and, thus, were sufficient to survive a motion to dismiss, and indeed, establish entitlement to a mechanics' lien against the property known as 2310 Cullum Road, Bel Air Maryland, 21015–6539 located in Harford County, Maryland. *Cf. Johns Hopkins Hosp. v. Pepper,* 346 Md. 679, 697 A.2d 1358 (1997) (opining, "[u]nder our liberal rules of pleading, a plaintiff need only state such facts in his or her complaint as are necessary to show an entitlement to relief. Md. Rule 2–303(b)").

---

"(B) If the pleadings and admissions on file and any evidence show that there is no genuine dispute as to any material fact and that the plaintiff, as a matter of law, has failed to establish a right to a lien, a judgment shall be entered denying the lien.

"(2) Interlocutory Order if Probable Cause. If the court determines from the pleadings and admissions on file and any evidence that a judgment under subsection (e)(1)(A) should not be entered, but that there is probable cause to believe the plaintiff is entitled to a lien, the court shall enter an interlocutory order that:

"(A) establishes a lien;

"(B) describes the land to which the lien attaches;

"(C) states the amount of the claim for which probable cause is found;

"(D) specifies the amount of a bond which may be filed by the defendant to have the land released from the lien; and

"(E) assigns a date within six months for a trial of all matters that may be necessary to adjudicate the establishment of the lien."

Moreover, under RP § 9–104(e), notice by way of posting, is valid only if placed on the "door or other front part of the building." It follows that the notice that was posted on the Arfaas' residence could be effective only because it was posted on the building where Martino performed work. It is significant, and telling, that the Arfaas have not challenged the adequacy of the posting.

## B.

The application of a mechanics' lien to land adjacent to the building to which it will attach is addressed by RP § 9–103. Providing,

"[a] lien established in accordance with this subtitle shall extend to the land covered by the building and to as much other land, immediately adjacent and belonging in like manner to the owner of the building, as may be necessary for the ordinary and useful purposes of the building[,]"

subsection (a) permits "[t]he quantity and boundaries of the land [to] be designated" and, complemented by Maryland Rule 12–304 subsection (b), prescribes the procedure for doing so, as well as identifying who may do so. *See* subsection (b). As to the latter, subsection (b) gives the owner of the land both the option of designation and of application. Before the construction of the building, the option is exclusive; then, the owner of the land on which the building is to be erected, "may define, in writing, the boundaries of the land appurtenant to the building before the commencement of construction, and then file the boundaries for record with the clerk of the circuit court for the county." If the owner does so designate, "[t]he designation of boundaries shall be binding on all persons." *Id.* If the boundaries of the land appurtenant to the building "are not designated before the commencement of a building, the owner of the land . . . may apply, by written petition, to the circuit court for the county to designate the boundaries[,]" but that option is a shared one, "any person having a lien or encumbrance on the land by mortgage, judgement or other-

wise entitled to establish a lien in accordance with this subtitle," being entitled to make the same application.

■ Thus, to be sure, a subcontractor who does work on a building situated on a large lot of land may apply to the circuit court for the county to designate the boundaries of the land appurtenant to that building. The failure to do so, however, is not a fatal defect in a petition for a mechanics' lien, which mandates or even permits dismissal of the petition. Applying for designation of boundaries is optional, not mandatory. That is clear from § 9–106 and Rule 12–304, both of which use the permissive, "may". *See e.g., Attorney Grievance Comm'n v. Whitehead,* 390 Md. 663, 671, 890 A.2d 751, 756 (2006); *Board of Physician Quality Assur. v. Mullan,* 381 Md. 157, 166, 848 A.2d 642, 648 (2004); *Brodsky v. Brodsky,* 319 Md. 92, 98, 570 A.2d 1235, 1237 (1990).

Moreover, § 9–105, which governs mechanics' lien proceedings and prescribes the prerequisites for their commencement, by its terms, does not evidence any legislative intent to place on subcontractors an additional burden, to obtain, under some circumstances, a designation of the adjacent land that is appurtenant to the building on which the subcontractor worked. It certainly does not include an application for designation of boundaries as one of the items required to be set forth when commencing the proceedings. Certainly and clearly, the Legislature, had it wished, could have included the requirement that, where a large tract of land is involved, the subcontractor apply to have the boundaries of the land appurtenant to the subject building designated. That it did not include such a provision is significant. It is well settled, in that regard, "a court may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute with forced or subtle interpretations that limit or extend its application." *Md. Overpak Corp. v. Mayor & City Council of Balt.,* 395 Md. 16, 47–48, 909 A.2d 235, 253–54 (2006) ((quoting *Kushell v. Dep't of Natural Res.,* 385 Md. 563, 576, 870 A.2d 186, 193 (2005))). *See Trail v. Terrapin Run, LLC,* 403 Md. 523, 579, 943 A.2d 1192, 1224 (2008).

Such a requirement, in any event, would be inconsistent with § 9–106(b)(3) and our cases. *See Fulton v. Parlett,* 104 Md. 62, 64 A. 58 (1906); *Caltrider v. Isberg,* 148 Md. 657, 130 A. 53 (1925). Section 9–106(b)(3) permits a trial court to enter an interlocutory order establishing a mechanics' lien when it determines that there is probable cause to believe that a petitioner is entitled to a lien, *albeit,* based on the pleadings, affidavits and admissions on file, and any evidence the lien should not attach, or not in the amount claimed, as a matter of law. It is significant that the interlocutory order establishing a mechanics' lien is required to "[d]escribe[ ] the boundaries of the land and the buildings to which the lien attaches [and][s]tate[ ] the amount of the claim for which probable cause is found." § 9–106(b)(3)(ii) and (iii). The former provision simply would not be necessary if, as the petitioners assert, it was incumbent on the subcontractor to apply for the designation of the boundaries preliminary to, or as a part of, the mechanics' lien proceedings.

Our cases make clear that the fact that Martino's petition for mechanics' lien was not limited and, indeed, sought a lien against the entire 73+ acres of land, on which the Arfaas' residence was located, is not grounds for its dismissal. In *Fulton v. Parlett,* this Court affirmed an order for the sale of property subject to a mechanics' lien despite the property owner's allegation that too much property had been subjected to the lien at issue. 104 Md. at 71, 64 A. at 61. There, after rehearsing "[t]he manner in which the quantity and the boundaries of . . . contiguous ground shall be ascertained," *id.* at 70, 64 A. at 61 (discussing at length the provisions of Maryland Code (1904) Article 63, §§ 5, 6, 7 and 8, the predecessor of § 9–106), and emphasizing the failure of the owner of the land to meet the responsibility that she had to delineate the boundaries of the adjacent land,[14] *id.,* the Court explained:

---

14. The Court of Appeals opined, on this point and in this regard:
"There were three opportunities open to the owner for marking the boundaries of the curtilage which ought to be appurtenant to the buildings, and not one of them was availed of. If the decree should

"There was evidence adduced tending to prove that the whole of the tract of land owned by Mrs. Fulton was necessary for the ordinary and useful purposes of the buildings and improvements, and there was also evidence to the contrary. The decree directed only the six-acre parcel to be sold. We cannot say there was any error in this; and the owner must be held to have waived all objection to the decree founded on the omission to demark the boundaries, because she neglected to invoke in due season the provisions of the sections to which we have alluded."

*Id.* at 71, 64 A. at 61.

Similarly, in *Caltrider v. Isberg,* this Court reversed the judgment of the Circuit Court for Harford County, which had dismissed the lien action for "[i]nsufficiency of description of the property." 148 Md. at 663, 130 A. at 55. Addressing that ground of decision, we said:

"The first reason is not, in our opinion, valid. The claim as filed describes several lots by numbers designated upon a plat duly recorded among the land records of Harford county, the liber and folio being given, and also refers to the deeds by which they were conveyed. It was not necessary to state specifically that they were contiguous lots, and the fact that they may have contained more land than was necessary does not affect the validity of the lien. Provision is made by sections 5, 6, 7, and 8 of article 63 of the Code for having proper boundaries fixed on proper application by the owner both before and pending proceedings for the enforcement of a mechanics' lien, and if he fails to avail himself of those provisions he cannot avoid the lien merely

be reversed because the boundaries had not been designated, then the failure of the owner to exercise a right in this particular which she ought to have resorted to before the decree was signed will be treated as an error in the decree itself. The owner's own default would then vacate the decree. It was within the power of the owner before the decree was passed to prevent its passage until after the boundaries had been defined if she had proceeded under section 8, and her neglect to rely on the provisions of that section cannot be assigned as a valid reason for reversing the decree."

*Fulton v. Parlett & Parlett,* 104 Md. 62, 70, 64 A. 58, 61 (1906).

because too much land is claimed. *Fulton v. Parlett,* 104 Md. [at] 70, 64 A. 58."

*Id.*

In dismissing Martino's petition, the trial court relied on two cases decided by the Court of Special Appeals: *Mervin L. Blades & Son v. Lighthouse,* 37 Md.App. 265, 377 A.2d 523 (1977); *Scott & Wimbrow v. Wisterco Inv., Inc.,* 36 Md.App. 274, 373 A.2d 965, *cert. denied,* 281 Md. 743 (1977). The intermediate appellate court has correctly distinguished these cases on the basis that, unlike in the case sub *judice,* "the respective lien claimants had failed to provide adequate descriptions in their petitions of the property that was to be subject to the liens." *Martino,* 169 Md.App. at 714–15, 906 A.2d at 958.

The Court of Special Appeals did not improperly shift the burden to designate land boundaries from Martino, as subcontractor, to the Arfaas, as landowners.

JUDGMENT AFFIRMED, WITH COSTS.